ELIAS HENRY, Appellant, *v.* FRANK D. BEERS, Respondent.

1. *Practice, civil — Trial, waiver of — Entry of waiver on record — Jury, court sitting as, must weigh evidence.*— When plaintiff waives his right to a jury trial, that waiver concludes him; and an entry of such waiver in the record will conclude this court from further inquiry as to the fact of such waiver.

Where jury is waived, the court, sitting as a trier of the fact, must determine the weight of the testimony.

*Appeal from Cameron Court of Common Pleas.*

*McCandless* and *Henry*, for appellant.

*S. H. Corn*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff in his petition alleged a partnership and asked for an account, etc., but on the trial the whole matter was treated by the parties as a simple indebtedness between the plaintiff and defendant.

The cause was tried before the court sitting as a jury, and a verdict was found and judgment rendered for the defendant for thirty-six dollars. From this judgment the plaintiff has appealed. It is objected on behalf of the plaintiff that he was entitled to a trial by jury, but the record contains an entry that the "plaintiff waives his right to a jury trial." That waiver, under the statute, concludes him, and the record concludes us from further pursuing the inquiry. There is really no question of law worthy of being noticed in this case. The essential merits turned wholly upon the evidence, and the weight that properly belonged to it was for the court, as the trier of the fact, to determine. We see

nothing in the matter of instructions that could have misled the jury, or worked anything to the prejudice of the appellant.

With the concurrence of the other judges, the judgment will be affirmed.